Zimmerman, J.,
dissenting. I agree with the majority of the Court of Appeals that the five shares bequeathed by the testator in trust under paragraph 21, section 10, division 4 of his will, which bequest lapsed upon the deaths of Roy Avery Browning and his widow, should be treated as intestate property and awarded to the next of kin of the testator.
In my opinion, testator’s intent with respect to the disposition of these five residual shares in the event of a lapse is problematical, and to hold that such intent was to distribute them pro rata among those possessing the remaining 95 shares is to indulge in speculation and conjecture.
Therefore, with respect to these five shares, I would align myself with the weight of authority which is to the effect that a residuary legacy or devise to an individual which lapses or becomes otherwise ineffective will not go to the other residuary devisees or legatees hut will pass to the testator’s heirs or next of kin as intestate property, unless there is a clearly expressed intent to the contrary. See 57 American Jurisprudence, 977, Section 1453.
Weygandt, C. J., concurs in the foregoing dissenting opinion.